1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11  BOYD P.,[1]                              Case No. 5:19-cv-01161-GJS
12            Plaintiff
13      v.                                   **MEMORANDUM OPINION AND ORDER**
14  ANDREW M. SAUL, Commissioner
    of Social Security,[2]
15            Defendant.
16
17
18              **I.     PROCEDURAL HISTORY**
19          Plaintiff Boyd P. ("Plaintiff") filed a complaint seeking review of the decision
20  of the Commissioner of Social Security denying his application for Disability
21  Insurance Benefits ("DIB").  The parties filed consents to proceed before the
22  undersigned United States Magistrate Judge [Dkts. 11 and 20] and briefs addressing
23  disputed issues in the case [Dkt. 18 ("Pl. Br."), Dkt. 21 ("Def. Br.")].  The matter is
24  now ready for decision.  For the reasons discussed below, the Court finds that this
25  _____
26  [1]     In the interest of privacy, this Order uses only the first name and the initial of
    the last name of the non-governmental party.
27
28  [2]     Andrew M. Saul, now Commissioner of the Social Security Administration, is
    substituted as defendant for Nancy A. Berryhill.  *See* Fed. R. Civ. P. 25(d).

1   matter should be remanded for further proceedings.

2   ## II.   ADMINISTRATIVE DECISION UNDER REVIEW

3        Plaintiff filed for DIB on August 24, 2015, alleging disability beginning

4   September 22, 2014.  [AR 466-469.]  After Plaintiff's original application was

5   denied, Plaintiff appeared and testified at a hearing before Administrative Law

6   Judge Josephine Arno.  [AR 340-363.]

7        Applying the five-step sequential evaluation process, the ALJ found that

8   Plaintiff was not disabled.  *See* 20 C.F.R. §§ 416.920(b)-(g)(1).  [AR 175-187.]  At

9   step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity

10  since September 22, 2014, the alleged onset date.  [AR 177.]  At step two, the ALJ

11  found that Plaintiff suffered from severe impairments including: "degenerative disc

12  disease of the cervical spine with stenosis and left sided radiculopathy status post

13  cervical discectomy in October 2016, degenerative disc disease of the lumbar spine

14  with stenosis, chronic pain syndrome, depression and anxiety with panic attacks."

15  [AR 178.]  The ALJ determined at step three that Plaintiff did not have an

16  impairment or combination of impairments that meets or medically equals the

17  severity of one of the listed impairments.  [AR178.]

18       At step four, the ALJ found that Plaintiff had the residual functional capacity

19  ("RFC") to perform a limited range of light work.  [AR 180.]  Applying this RFC,

20  the ALJ found that Plaintiff was unable to perform his past relevant work as a truck

21  driver, but determined that based on his age (50 years old) and high school

22  education, he could perform representative occupations such as cashier II, routing

23  clerk, or solderer and, thus, is not disabled.  [AR 186.]

24  ## III.   GOVERNING STANDARD

25       Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to

26  determine if: (1) the Commissioner's findings are supported by substantial evidence;

27  and (2) the Commissioner used correct legal standards.  *See Carmickle v. Comm'r*

28  *Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec.*

1  *Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted).

2  "Substantial evidence is more than a mere scintilla but less than a preponderance; it

3  is such relevant evidence as a reasonable mind might accept as adequate to support a

4  conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir.

5  2014) (internal citations omitted).

6      The Court will uphold the Commissioner's decision when the evidence is

7  susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d

8  1104, 1110 (9th Cir. 2012).  However, the Court may review only the reasons stated

9  by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he

10  did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  The Court will not

11  reverse the Commissioner's decision if it is based on harmless error, which exists if

12  the error is "inconsequential to the ultimate nondisability determination, or if despite

13  the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v.

14  Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations

15  omitted).

16                    **IV.   DISCUSSION**

17      Plaintiff's sole claim is that the ALJ failed to provide sufficient reasons for

18  rejecting his subjective testimony.  [Pl.'s Br. at 4-14.]  Specifically, Plaintiff argues

19  that the ALJ offered only one reason for discounting his testimony: that the medical

20  evidence does not support his allegations of the severity of his impairments, which

21  Plaintiff argues *cannot* be the sole reason for rejecting his complaints.  [Pl. Br. at 6-

22  14.]

23      **A.   Plaintiff's Testimony**

24      At the administrative hearing, Plaintiff testified that the pain from his neck,

25  arms, wrists, back, and shoulders prevents him from performing work activity on a

26  sustained basis.  [AR 344-358, AR 491-499.]  To alleviate his impairments, Plaintiff

27  had spine surgery in October 2016, but he claims his pain did not improve.  [AR

28  345- 346.]  When asked about his daily activities, Plaintiff testified that he lives with

his oldest daughter in an upstairs bedroom.  Plaintiff stated that he must be careful going up and down the stairs by relying on the handrail.  [AR 348.]  With respect to household chores, Plaintiff testified that his daughter does most of the dishes with Plaintiff only helping to wash sporadically.  [AR 347, 493.]  Plaintiff's daughter also does the grocery shopping.  [AR  349.]  Plaintiff can drive for about an hour before he needs to stop to take a break due to the pain in his wrists.  [AR 347.]   The pain in his hands and wrists also causes him trouble when holding dishes, writing, or typing.  [AR 350-351.]  Plaintiff is able get out of the house once or twice a week, but he otherwise spends most of his time at home watching television.  [AR 348-349.]  Plaintiff testified that he isolates himself in his room due to his depression for which he takes medication.  [AR 353, 492.]

### B.    Legal Standard

If a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged and there is no affirmative evidence of malingering, the ALJ must offer "clear and convincing" reasons to reject the claimant's testimony.  *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  (internal quotation omitted)).  Moreover, "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."  *Smolen*, 80 F.3d at 1284; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991).  In addition to the "ordinary techniques of credibility evaluation," *Bunnell*, 947 F.2d at 346, the following factors may be considered in assessing credibility: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's

4

1   testimony or between his testimony and conduct; (3) claimant's daily living

2   activities; (4) claimant's work record; and (5) testimony from physicians or third

3   parties concerning the nature, severity, and effect of claimant's condition.  *Thomas*

4   *v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

5       **C.     Analysis**

6       Here, in addressing Plaintiff's subjective complaints the ALJ found that "as

7   for the claimant's statements about the intensity, persistence, and limiting effects of

8   his symptoms, they are not entirely consistent with the weight of the evidence

9   because the record shows resolution of his cervical radiculopathy and hand

10  problems with surgery as well as management of his back and neck pain for long

11  periods of time with medication management provided by his primary care

12  physician."  [AR 184.]

13      Viewing the ALJ's decision liberally, the ALJ impliedly provided two reasons

14  for finding Plaintiff less credible: (1) Plaintiff's symptoms resolved with treatment

15  and (2) there was a lack of objective medical evidence to support his complaints.

16  [Def.'s Br. at 7.]; [AR 184.]

17          **1.      Resolution with Treatment**

18      Generally, the effectiveness of treatment is a relevant factor in determining

19  the severity of a claimant's symptoms.  20 C.F.R. § 404.1529(c)(3); *see Tommasetti*

20  *v. Astrue*, 533 F.3d 1035, 1039-1040 (9th Cir. 2008); *Warre v. Comm'r of Soc. Sec.*

21  *Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).  Accordingly, substantial evidence of

22  effective treatment may provide a specific, clear, and convincing reason to discount

23  a claimant's subjective symptom testimony.  *See Youngblood v. Berryhill*, 734 F.

24  App'x 496, 499 (9th Cir. 2018).

25      In summarizing Plaintiff's treatment history, the ALJ noted that Plaintiff first

26  complained of neck and shoulder pain in September 2014. [AR 181, 665.]  In

27  October 2014, an MRI of Plaintiff's cervical spine showed multilevel degenerative

28  disc disease with moderate to severe spinal canal stenosis at the C6-C7 (base of the

5

neck) level with moderate to severe bilateral neural foraminal stenosis at both levels. [AR 181, 636-637.]  In January 2015, Plaintiff was prescribed physical therapy and pain management with a series of cervical epidural pain injections.  [AR 184.] Between February and March 2015, Plaintiff underwent three epidural steroid injections without complication.  [AR 181.]  In March 2015, another MRI showed mild to moderate narrowing in Plaintiff's spine.  Plaintiff was again referred for pain management.  [AR 181.]  The following month, April 2015, Plaintiff underwent lumbar facet joint and media branch block injections, reporting a 75% improvement in his pain.  [AR 181, 550.]  However, two months later, Plaintiff visited his primary care physician for opioid pain medication because of complaints of pain.  [AR 685-686.]  Over the next year, Plaintiff continued to visit his treating physician monthly for opioid pain medication due to continued complaints of pain.  [AR 182, 691, 693.]  In November 2015, Plaintiff requested an increase in the dosage of his opioid medication stating that the pills only provided "tolerable relief."  [AR 695.]  Thus, despite his injections and treatment with pain medication, Plaintiff's pain persisted.

In June 2016, Plaintiff reported to an orthopedist with continued complaints of neck pain radiating down to his arms.  [AR 182.]  An MRI taken in July 2016 showed spondyloarthropathy of the mid cervical spine.  As a result, his orthopedist recommended surgery and in October 2016 Plaintiff underwent a discectomy at the C5-C7 level.  [AR 182.]  At his January 2017 surgical aftercare appointment, Plaintiff reported improvement and only mild pain to his orthopedist.  [AR 852.]  He however continued to complain of weakness in his hands and his orthopedist noted that he would refer Plaintiff to another physician for his low back pain "as Plaintiff "does have evidence of spinal stenosis there and will likely need surgery for that also."  [AR 853.]  Between February 2017 and December 2017, Plaintiff continued to seek pain medication from his primary care physician for complaints of ongoing neck and back pain.  In December 2017, Plaintiff had another MRI taken of his cervical spine which showed mild degenerative disc disease, mild to moderate

bilateral recess, neural foraminal stenosis at the C5-C6 level.  [AR 736-738.]  A further MRI taken in 2018 revealed degenerative disc disease at the L5-S1 causing "moderate to severe left and mild to moderate right sided neural foraminal stenosis" and a disc bulge causing moderate bilateral neural foraminal stenosis.  [AR 182, 849-850.]

The Court's review of the record reveals that while there are some individual records showing Plaintiff's reports of improvement following treatment, these isolated records do not chart a course of continual improvement, let alone demonstrate one that is sufficiently clear to satisfy standards for discrediting Plaintiff's credibility.  *See Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) ("Rather than describe [the claimant's] symptoms, course of treatment, and bouts of remission, and thereby chart a course of improvement, the ALJ improperly singled out a few periods of temporary well-being from a sustained period of impairment and relied on those instances to discredit [the claimant].")  Instead, the record demonstrates that any limited improvement following Plaintiff's various treatments was often times short lived and followed by the need for more and increasing pain medication and the need for additional surgery.  This is a far cry from effective and proven management of Plaintiff's symptoms as opined by the ALJ.

The ALJ selectively concludes that Plaintiff's neck and hand problems resolved and that his neck and back pain were managed entirely by pain medication while ignoring ample records indicating that Plaintiff's symptoms continued or became worse.  Further, while the ALJ characterizes Plaintiff's long periods of pain management as evidence of effective treatment, the record demonstrates that Plaintiff was required to rely on conservative treatment as he lost his insurance and he was awaiting approval for surgery through his government insurance.  [AR 667, 684, 689 (Plaintiff "was scheduled for surgery but lost his insurance.").]

Thus, any conclusion that Plaintiff's pain and symptoms had been effectively treated is based upon an incomplete consideration of the medical record as a whole,

and would not be supported by substantial evidence.  *See Ghanim v. Colvin*, 763
F.3d 1154, 1164 (9th Cir. 2014) (rejecting ALJ's adverse credibility determination
because ALJ did not account for record "as a whole," but rather relied on "cherry-
picked" evidence); *Oestman v. Colvin*, 2017 U.S. Dist. LEXIS 37349, 2017 WL
10719697, at *2 (C.D. Cal. Mar. 15, 2017) (reversing credibility determination
where ALJ "cited to isolated pieces of evidence as support for his conclusions,
without giving any indication that he had considered the medical record as a
whole"); *Vega v. Colvin*, 2015 U.S. Dist. LEXIS 61551, 2015 WL 2166596, at *4
(C.D. Cal. May 8, 2015) (reversing credibility determination where ALJ selectively
cited records undermining claimant's allegations).

### b.    Inconsistency with the Objective Medical Evidence

The only other reason provided by the ALJ to discount Plaintiff's credibility
was that the objective medical evidence was inconsistent with Plaintiff's testimony
regarding his limitations.  [AR 183-184.]  It is well-established that an "ALJ may
not discredit a claimant's subjective testimony on" the sole basis that "no objective
medical evidence" supports the claimant's testimony as to "the severity of the
subjective symptoms from which he suffers."  *Light v. Comm'r of Soc. Sec. Admin.*,
119 F.3d 789, 792 (9th Cir. 1997).  Indeed, "it is the very nature of excess pain to be
out of proportion to the medical evidence," and thus, a finding that a claimant is not
credible because his pain testimony is out of proportion to the medical evidence is
an "inadequate reason."  *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990).
While the lack of medical evidence to support a claimant's allegations of disabling
pain and symptoms "is a factor that the ALJ can consider in his credibility analysis,"
it "cannot form the sole basis for discounting pain testimony."  *Burch v. Barnhart*,
400 F.3d 676, 681 (9th Cir. 2005).

Thus, this reason, on its own, is inadequate to support the ALJ's adverse
credibility determination, because the asserted failure of the medical record to
corroborate Plaintiff's subjective symptom and pain testimony fully is not, by itself,

1   a legally sufficient basis for rejecting such testimony.  *Rollins v. Massanari*, 261

2   F.3d 853, 856 (9th Cir. 2001).  The ALJ may not make a negative credibility finding

3   "solely because" the claimant's symptom/pain testimony "is not substantiated

4   affirmatively by objective medical evidence."  *Robbins v. Comm'r of Soc. Sec.*

5   *Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Light*, 119 F.3d at 792 ("a finding that

6   the claimant lacks credibility cannot be premised wholly on a lack of medical

7   support for the severity of his pain"); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th

8   Cir. 1991) ("an adjudicator may not reject a claimant's subjective complaints based

9   solely on a lack of objective medical evidence to fully corroborate the alleged

10  severity of the [symptoms].").  The ALJ's only other reason, therefore, is not clear

11  and convincing and cannot save the ALJ's adverse credibility determination.  As

12  there is no basis for finding this error to be harmless, reversal is required.

### V.   CONCLUSION

13

14      The decision of whether to remand for further proceedings or order an

15  immediate award of benefits is within the district court's discretion.  *Harman v.*

16  *Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  When no useful purpose would be

17  served by further administrative proceedings, or where the record has been fully

18  developed, it is appropriate to exercise this discretion to direct an immediate award

19  of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings

20  turns upon the likely utility of such proceedings").  But when there are outstanding

21  issues that must be resolved before a determination of disability can be made, and it

22  is not clear from the record the ALJ would be required to find the claimant disabled

23  if all the evidence were properly evaluated, remand is appropriate.  *Id.*  A remand

24  for an immediate award of benefits is appropriate "only in rare circumstances."

25  *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal citation

26  omitted).

27      The Court finds that remand is appropriate because the circumstances of this

28  case do not preclude the possibility that further administrative review could remedy

1   the ALJ's errors.  On remand, the Commissioner must re-evaluate Plaintiff's

2   pain/subjective symptom assertions and testimony properly, which in turn may lead

3   to the formulation of a new RFC and the need for additional vocational expert

4   testimony.  The Court therefore declines to exercise its discretion to remand for an

5   immediate award of benefits.  *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon

6   reversal of an administrative determination, the proper course is remand for

7   additional agency investigation or explanation, "except in rare circumstances");

8   *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court

9   concludes that further administrative proceedings would serve no useful purpose, it

10  may not remand with a direction to provide benefits.").

11          For all of the foregoing reasons, **IT IS ORDERED** that:

12          (1) the Decision of the Commissioner is REVERSED and this matter

13               REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further

14               administrative proceedings consistent with this Memorandum Opinion and

15               Order; and

16          (2) Judgment be entered in favor of Plaintiff.

17

18      **IT IS SO ORDERED.**

19

20  DATED: June 30, 2020      _____

21                           GAIL J. STANDISH
                             UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28